The City of Delphi *et al. v.* Bowen, Administrator.

Filed May 29, 1894.

———————◆———————

No. 16,576.

THE CITY OF DELPHI ET AL. *v.* BOWEN, ADMINISTRATOR.

TAXES.—*Omitted Property.*—*Power of City Clerk to Assess.*—The city clerk is the proper city officer to assess omitted property, and to give the notice to the owner required to be given in such case by the county auditor.

PLEADING.—*Complaint.*—*Taxes.*—*Omitted Property.*—*City Clerk.*—The sufficiency of the complaint in this case, being an action to cancel and declare void certain taxes as levied upon omitted personal property by the city clerk, is decided on the authority of *Reynolds, Audr.,* v. *Bowen, Admr.,* 138 Ind. 434

From the Carroll Circuit Court.

*M. A. Ryan, J. H. Gould* and *G. R. Eldridge*, for appellants.

*R. C. Pollard, C. R. Pollard* and *M. Winfield*, for appellee.

HOWARD, C. J.—This was a suit instituted by the appellee against the appellants, in the Carroll Circuit Court, to cancel and declare void certain taxes as levied upon omitted personal property and placed upon the tax duplicate by the clerk of the city of Delphi. On the overruling of demurrers to the complaint, the appellants refused to plead further, and judgment was rendered declaring the added taxes illegal and void, and directing their cancellation.

The property claimed by the city to have been omitted from taxation consisted of moneys, money loaned, and credits owned by appellee's decedent for the years from 1881 to 1890, inclusive.

Section 147 of the tax law of 1881, being section 6416, R. S. 1881, and re-enacted as section 142 of the tax law of 1891, authorized the county auditor, on discovering that any personal property had been omitted, in whole or in part, in the assessment of any year or number of years from the assessment book, or from the tax duplicate, to proceed to assess the same, first giving notice to the owner, occupant or person in possession thereof.

By section 259 of the tax law of 1881, being section 3160, R. S. 1881, and re-enacted in section 254 of the tax law of 1891, Acts 1891, p. 290, it is provided that "cities shall be governed by the provisions of this law, in regard to the matters embraced therein, so far as the same are applicable, and the duties required by the terms of this act to be done by the county officers, shall be performed by the corresponding officers of each city in regard to the assessment

and collection of taxes, and all matters pertaining thereto.''

It is not questioned that the city clerk is the city officer corresponding to the county auditor as county officer. The city clerk is, therefore, the proper officer to assess omitted property, and to give the notice to the owner required to be given in such case by the county auditor. The complaint shows that in this case these duties were performed by the city clerk as required by the statute, and that the appellee appeared before the clerk and answered, opposing the assessment of the omitted property. In addition to the powers already named, given to city officers in relation to the assessment of taxes, it was provided in section 259 of the tax law of 1881, section 3160, R. S. 1881, that cities might use the assessment of real and personal property as made and returned by the township assessor, and that the proper city officers should have access to the books in the county auditor's office for the purpose of transcribing therefrom a list of the property assessed. These provisions were re-enacted in section 254, *supra,* of the tax law of 1891, the office of city assessor and the city board of equalization being at the same time abolished.

By virtue of the powers so conferred by the statute the city clerk, in the case at bar, after making his finding as to the amount and value of the property not listed by the decedent and his administrator, and after finding also that such omitted property ''has been placed upon and added to the tax duplicate of Carroll county, Indiana, by the auditor thereof,'' proceeded to make his assessment of the same as follows:

''I now assess said property as omitted property which has unjustly escaped taxation; and I now correct the proper tax duplicates of said city of Delphi, Indiana, accordingly, and add said omitted property thereto, and I

now copy upon said duplicates of said city the amounts of said omitted property as heretofore placed upon and added to the duplicates of Carroll county, Indiana, by the auditor thereof as aforesaid, being the same amounts hereinbefore set forth.''

The questions raised in this case, with the exception of those above noted, are precisely the same as those in the case of *Reynolds, Aud.,* v. *Bowen, Admr.,* 138 Ind. 434. The property claimed to be omitted from taxation is identical in the two cases, and the objections made in that case to placing the property on the tax duplicate are repeated in this case. The complaint in that case was held bad, and on the authority of that decision the like complaint in the case at bar must also be held bad.

The judgment is accordingly reversed, with directions to sustain the demurrers to both paragraphs of the complaint, and for further proceedings not inconsistent with this opinion.

Filed Mar. 8, 1894; petition for a rehearing overruled June 22, 1894.